**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICOLE MOORE,<br><br>                    Plaintiff,<br><br>          v.<br><br>PLANNED PARENTHOOD FEDERATION OF<br>AMERICA, INC. and PLANNED PARENTHOOD<br>ACTION FUND, INC.<br><br>                    Defendants. | Case No. 1:22-cv-08899 (VEC)<br><br>**ANSWER TO COMPLAINT WITH<br>AFFIRMATIVE DEFENSES** |

Defendants Planned Parenthood Federation of America, Inc. ("PPFA") and Planned Parenthood Action Fund, Inc. ("PPAF") (collectively, "Defendants"), by and through their undersigned counsel ArentFox Schiff LLP, hereby submit their Answer with Affirmative Defenses to the Complaint filed by Plaintiff Nicole Moore ("Plaintiff" or "Moore"), dated October 19, 2022 (Dkt. No. 1, the "Complaint").

## Defendants' Preliminary Statement

Defendants deny each and every allegation contained in the Complaint not otherwise addressed herein, including without limitation, any allegations concerning the relief sought in Counts One through Six, as well as all headings and titles and the First and Second Points of Law contained therein. Defendants reserve all rights to amend, supplement, and/or modify their responses herein.

## Answer as to Plaintiff's Preliminary Statement

1.      Defendants admit the allegations contained in Paragraph 1 of the Complaint with respect to the history of racial disparities in healthcare in the United States, but deny that this history has any legal or factual relationship to this litigation or relevance to Plaintiff's claims.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint with respect to the impact of recent Supreme Court decisions on reproductive rights, but deny that these allegations have any legal or factual relationship to this litigation or relevance to Plaintiff's claims.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint with respect to the unjust history of racism and discrimination in the United States, but deny that these allegations have any legal or factual relationship to this litigation or relevance to Plaintiff's claims. Defendants otherwise deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint with respect to harms faced by Black women in pregnancy and childbirth-related complications, but deny that these allegations have any legal or factual relationship to this litigation or relevance to Plaintiff's claims.

5.      Defendants admit that it is "critical for reproductive rights and health care organizations like Planned Parenthood … to understand racism and seek to avoid perpetuating it," and that PPFA affiliates serve large numbers of Black and brown patients each year, but deny that these allegations have any legal or factual relationship to this litigation or relevance to Plaintiff's claims. Defendants otherwise deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit that they are committed to racial equality, but otherwise deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit that Plaintiff is a Black woman and that she assumed the role of Director of Multicultural Brand Engagement in January 2020, but otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants admit that they are a target of anti-abortion activism, but otherwise deny the allegations contained in Paragraph 10 of the Complaint.

## Answer as to Allegations on Parties

11.     Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit the allegation contained in Paragraph 14 of the Complaint that PPFA employed Plaintiff, but deny the allegation that PPAF employed Plaintiff.

## Answer as to Allegations on Jurisdiction and Venue

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in Paragraph 16 of the Complaint.

## Answer as to Factual Allegations

I.    Answer to Allegations entitled "Moore Faced Racist Hostility From Her Time of Hire"

17.     Defendants admit that Plaintiff began working at PPFA on January 13, 2020 in the role of "Director of Multicultural Brand Engagement," but otherwise deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint, except deny the allegations contained in Footnote 1.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint with respect to aspects of Plaintiff's job responsibilities at PPFA, but deny the statement that "Hers was the only department of one."

20.     Defendants admit that Plaintiff's responsibilities included work related to PPFA's "observances," but otherwise deny the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint, including but not limited to the allegations contained in Footnote 2.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Footnote 3, and therefore deny same. The website linked in Footnote 3 speaks for itself and therefore no response is required.

26.    Defendants deny that Moreno mistreated or otherwise had an "unfair attitude" towards Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 26 of the Complaint, and therefore deny same.

27.    Defendants lack knowledge or information sufficient to admit or deny the allegation contained in Paragraph 27 of the Complaint that Ilana Gamza executed a declaration in support of Plaintiff's claims in this action, and therefore deny same. Defendants deny the allegations that purport to be from any such declaration executed by Gamza.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

II.    <u>Answer to Allegations entitled "Moore Learned of Unremedied History of Racism at the Organization"</u>

30.    Defendants admit that Nia Martin-Robinson worked at PPFA beginning in 2016, but otherwise deny the allegations contained in Paragraph 30 of the Complaint, including but not limited to the allegations in Footnote 4.

31.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint, including but not limited to the allegation in Footnote 5, and therefore deny same. The website linked in Footnote 5 speaks for itself and therefore no response is required.

32.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint, and therefore deny same.

33.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint, and therefore deny same. The website quoted and linked in Footnote 6 speaks for itself and therefore no response is required.

34.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint regarding anything Martin-Robinson may have told Plaintiff, and therefore deny same. Defendants deny that Moreno treated Black women at the organization with "open disdain."

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

III.    Answer to Allegations entitled "The Global Coronavirus Pandemic Disrupted Reproductive Health Care and Ignited a Racial Reckoning Inside Planned Parenthood"

37.     Defendants admit the allegations regarding the approximate time that the COVID-19 pandemic began and the resulting transition to remote work at PPFA, but otherwise deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit the allegations regarding the approximate hiring date of Nicole Long by PPFA, as well as the fact that Long reported to Lauren Garcimonde-Fisher, who reported

to Rachel Moreno. Defendants otherwise deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants admit that George Floyd was murdered in May 2020, but otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint, including but not limited to the allegations in Footnote 7.

46.     Defendants admit that a group entitled "CNC Black Staff" was formed in the spring of 2020, but otherwise deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint, and therefore deny same. The website quoted and linked in Footnote 8 speaks for itself and therefore no response is required.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint, including but not limited to the allegations in Footnote 9.

51.     Defendants admit that PPFA retained an outside organization called Anti-Oppression Resource and Training Alliance ("AORTA"), but otherwise deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants admit that in or around June 2020, Moreno met with Plaintiff regarding the budget for the upcoming fiscal year, but otherwise deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint, including but not limited to the allegations in Footnotes 10 and 11, and therefore deny same. The website quoted and linked in Footnote 11 speaks for itself and therefore no response is required.

IV.     Answer to Allegations entitled "Racism At Planned Parenthood Was Publicly Reported"

56.     Defendants admit the publication of the August 21, 2020 article in *BuzzFeed* referenced in Paragraph 56 of the Complaint, but otherwise deny the allegations contained in Paragraph 56. The website linked in Footnote 12 speaks for itself and therefore no response is required.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants admit the allegations contained in Paragraph 58 of the Complaint, except to the extent that the quoted language is only partial.

59.     Defendants admit that the quoted language in Paragraph 59 was contained in Alexis McGill Johnson's August 27, 2020 email, but otherwise deny the allegations contained in Paragraph 59 of the Complaint.

V.      Answer to Allegations entitled "Moore Suffered Reprisal for Making a Protected Complaint

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint, including but not limited to the allegations in Footnote 13.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint, and therefore deny same. Defendants deny that the conduct described in Paragraph 65 is "typical of the way in which Planned Parenthood treated its Black employees."

VI.   Answer to Allegations entitled "Planned Parenthood's Racism Was Exposed Even More Publicly, But Still, It Took Only Performative, Counterproductive Measures"

66.     Defendants admit that the National Black Associates group had approximately monthly meetings including in October 2020, but otherwise deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants admit the publication of the October 9, 2020 *BuzzFeed* article, but otherwise deny the allegations contained in Paragraph 67 of the Complaint. The website linked in Footnote 14 speaks for itself and therefore no response is required.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint, including but not limited to the allegations in Footnote 15. The website linked in Footnote 15 speaks for itself and therefore no response is required.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants admit that Melanie Newman informed *BuzzFeed* that certain information the writers planned on including in the article was false, but otherwise deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants admit that a "Winter Gathering" retreat occurred on or about December 1, 2020, but otherwise deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants admit the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants admit that a Communications and Culture Division retreat was held on February 22 and 23, 2021, but otherwise deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

VII.    Answer to Allegations entitled "Planned Parenthood Openly Subjected Black Employees to a Double Standard Regarding Contract Work"

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

VIII.    Answer to Allegations entitled "Moore Faced Pretextual, Retaliatory Adverse Action"

89.    Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.    Defendants admit that Justice Ruth Bader Ginsburg died on September 18, 2020 and that Defendants created a campaign related to her passing, but otherwise deny the allegations contained in Paragraph 90 of the Complaint.

91.    Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.    Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.    Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.    Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.    Defendants admit that Gamza's employment was terminated in November 2020, but otherwise deny the allegations contained in Paragraph 95 of the Complaint, including but not limited to Footnote 16.

96.    Defendants admit that Plaintiff was placed on a Performance Improvement Plan on or about November 16, 2020, but otherwise deny the allegations contained in Paragraph 96 of the Complaint.

97.    Defendants admit that Plaintiff's Performance Improvement Plan cited her lack of communication and inability to work together with a team, but otherwise deny the allegations in Paragraph 97 of the Complaint.

98.    Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.    Defendants admit that Plaintiff made various public allegations that were incorrect, but otherwise deny the allegations contained in Paragraph 99 of the Complaint.

100.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 100 of the Complaint, including but not limited to Footnote 17, and therefore deny same.

101.     Defendants deny the allegations contained in Paragraph 101 of the Complaint, including but not limited to Footnote 18.

102.     Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.     Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.     Defendants deny the allegations contained in Paragraph 104 of the Complaint, including but not limited to Footnote 19.

105.     Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations contained in Paragraph 106 of the Complaint.

IX.     Answer to Allegations entitled "Racism Was Widespread At the Organization"

107.     Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.     Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.     Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.     Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations contained in Paragraph 113 of the Complaint.

X.     Answer to Allegations entitled "Meanwhile, Moore Is Removed from Her PIP For No Reason Other Than Remaining Silent About Racism"

114.     Defendants admit that Plaintiff and Moreno met on or about January 13, 2021 regarding Plaintiff's Performance Improvement Plan, but otherwise deny the allegations contained in Paragraph 114 of the Complaint.

115.     Defendants admit the allegations contained in Paragraph 115 of the Complaint, except to the extent that the quoted email is only a partial quotation.

116.     Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.     Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.     Defendants admit that Plaintiff was taken off her Performance Improvement Plan on or about March 22, 2021, and that Sandy Perez became her new supervisor on March 29, 2021, but otherwise deny the allegations contained in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations contained in Paragraph 121 of the Complaint.

XI.     Answer to Allegations entitled "Planned Parenthood Flatly Refuses to Remediate Its Discriminatory Hiring and Promotional Practices"

122.     Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.     Defendants admit that Bucci was engaged by PPFA to assume certain duties previously covered by Rachel Velasquez before Velasquez's leave, but otherwise deny the allegations contained in Paragraph 123 of the Complaint.

124.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 124 of the Complaint, and therefore deny same.

125.     Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.     Defendants admit the publication of the April 17, 2021 op-ed in the *New York Times*, but otherwise deny the allegations contained in Paragraph 127. The website linked in Footnote 20 speaks for itself and therefore no response is required.

128.     Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint, including but not limited to Footnote 21.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint, including but not limited to Footnote 22.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Defendants admit that Velasquez's employment was terminated in or around May 2021, but otherwise deny the allegations contained in Paragraph 138 of the Complaint.

139.    Defendants admit that Theresa Darlington was hired by PPFA to assume certain duties previously covered by Velasquez, but otherwise deny the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants admit that Elizabeth Bawol took maternity leave in or around September 2021, but otherwise deny the allegations contained in Paragraph 141 of the Complaint.

XII.    Answer to Allegations entitled "Planned Parenthood Escalates Its PR Efforts While Making No Actual Efforts to Combat Racism"

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint. The website linked in Footnote 23 speaks for itself and therefore requires no response.

143.     Defendants admit that Juneteenth became a federal holiday on June 17, 2021, but otherwise deny the allegations contained in Paragraph 143 of the Complaint.

144.     Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.     Defendants deny the allegations contained in Paragraph 145 of the Complaint, including but not limited to the allegations contained in Footnote 24.

146.     Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.     Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.     Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.     Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.     Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.     Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.     Defendants admit the allegations contained in Paragraph 152 of the Complaint.

153.     Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.     Defendants deny the allegations contained in Paragraph 154 of the Complaint. Defendants lack sufficient knowledge or information to admit or deny the allegations in Footnote 25, and therefore deny same.

XIII.    Answer to Allegations entitled "Moore Was Punished With an Unequal Workload"

155.     Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.     Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.     Defendants admit that Plaintiff wrote to Perez on August 21, 2021, but otherwise deny the allegations contained in Paragraph 157 of the Complaint.

158.     Defendants admit that Perez wrote to Plaintiff on August 23, 2021, but otherwise deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants admit that Plaintiff wrote to Perez and Jamila Galloway on August 23, 2021, but otherwise deny the allegations contained in Paragraph 160.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants admit that Plaintiff received "the rock," but otherwise deny the allegations contained in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint.

XIV.    <u>Answer to Allegations entitled "Moore Was Punished Again and Fired for Continuing to Complain About Racial Inequality and Retaliation"</u>

165.    Defendants admit that Plaintiff and Perez met on September 16, 2021, but otherwise deny the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.     Defendants admit that Plaintiff sent a document to Perez purporting to respond to comments about Plaintiff's workplace performance on October 14, 2021 including the partial quotation contained in Paragraph 178 of the Complaint, but otherwise deny the allegations contained in Paragraph 178 of the Complaint.

179.     Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180.     Defendants admit that Plaintiff made a filing through "reportit.com" on the day before her termination, the content of which speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 180 of the Complaint.

181.     Defendants admit that Plaintiff was terminated from her employment, but otherwise deny the allegations contained in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.     Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.     Defendants deny the allegations contained in Paragraph 185 of the Complaint.

XV.     Answer to Allegations entitled "Planned Parenthood Now Continues to Pretend It Has Not Chosen to Enable Racism And Has Avoided Any Accountability"

186.     Defendants deny the allegations contained in Paragraph 186 of the Complaint.

187.     Defendants deny the allegations contained in Paragraph 187 of the Complaint.

188.     Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189.     Defendants admit that Manley received an email complaint on or about January 10, 2022, the content of which speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 189 of the Complaint.

190.     Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191.     Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192.    Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193.    Defendants deny the allegations contained in Paragraph 193 of the Complaint.

Answer to First Cause of Action (Discrimination in Violation of § 1981)

194.    As to Paragraph 194 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

195.    Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of the Complaint.

197.    Defendants deny the allegations contained in Paragraph 197 of the Complaint.

198.    Defendants deny the allegations contained in Paragraph 198 of the Complaint.

Answer to Second Cause of Action (Retaliation in Violation of § 1981)

199.    As to Paragraph 199 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

200.    Defendants deny the allegations contained in Paragraph 200 of the Complaint.

201.    Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202.    Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203.    Defendants deny the allegations contained in Paragraph 203 of the Complaint.

Answer to Third Cause of Action (Discrimination in Violation of the NYSHRL)

204.    As to Paragraph 204 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

205.    Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206.    Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207.    Defendants deny the allegations contained in Paragraph 207 of the Complaint.

208.    Defendants deny the allegations contained in Paragraph 208 of the Complaint.

Answer to Fourth Cause of Action (Retaliation in Violation of the NYSHRL)

209.    As to Paragraph 209 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

210.    Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211.    Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212.    Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213.    Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214.    Defendants deny the allegations contained in Paragraph 214 of the Complaint.

Answer to Fifth Cause of Action (Discrimination in Violation of the NYCHRL)

215.    As to Paragraph 215 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

216.    Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217.    Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218.    Defendants deny the allegations contained in Paragraph 218 of the Complaint.

219.    Defendants deny the allegations contained in Paragraph 219 of the Complaint.

Answer to Sixth Cause of Action (Retaliation in Violation of the NYCHRL)

220.    As to Paragraph 220 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

221.    Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.    Defendants deny the allegations contained in Paragraph 222 of the Complaint.

223.    Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224.    Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225.    Defendants deny the allegations contained in Paragraph 225 of the Complaint.

<u>Answer to First Point of Law (Discrimination in Violation of Title VII)</u>

226.    As to Paragraph 226 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

227.    Defendants deny the allegations contained in Paragraph 227 of the Complaint.

228.    Defendants deny the allegations contained in Paragraph 228 of the Complaint.

229.    Defendants deny the allegations contained in Paragraph 229 of the Complaint.

230.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 230 of the Complaint, and therefore deny same.

231.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 231 of the Complaint, and therefore deny same.

232.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 232 of the Complaint, and therefore deny same.

<u>Answer to Second Point of Law (Retaliation in Violation of Title VII)</u>

233.    As to Paragraph 233 of the Complaint, Defendants repeat and incorporate by reference their responses to Plaintiff's allegations as set forth above.

234.    Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235.    Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236.    Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 237 of the Complaint, and therefore deny same.

238.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 238 of the Complaint, and therefore deny same.

**Affirmative Defenses**

First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

The Complaint's claims are barred, in whole or in part, by Plaintiff's culpable conduct.

Third Affirmative Defense

The Complaint's claims are barred because Defendants had legitimate, non-discriminatory, and non-pretextual business reasons to terminate Plaintiff.

Fourth Affirmative Defense

The Complaint's claims are barred because Defendants had legitimate, non-retaliatory, and non-pretextual business reasons to terminate Plaintiff.

Fifth Affirmative Defense

The Complaint's claims are barred, in whole or in part, by the doctrine of waiver.

Sixth Affirmative Defense

The Complaint's claims are barred, in whole or in part, by the doctrine of estoppel.

Seventh Affirmative Defense

The Complaint's claims are barred, in whole or in part, by the doctrine of unclean hands.

Eighth Affirmative Defense

Defendants have violated no legal duty—under statute, contract, tort, or otherwise—owed to Plaintiff.

Ninth Affirmative Defense

The Complaint's claims are barred by the defense of laches.

Tenth Affirmative Defense

The Complaint's claims are barred to the extent that Plaintiff has failed to mitigate her damages, if any.

Eleventh Affirmative Defense

The Complaint's claims are barred, in whole or in part, by the doctrine of election of remedies and/or mutually exclusive remedies.

Twelfth Affirmative Defense

The Complaint's claims are barred, in whole or in part, because the damages allegedly sustained are too speculative, ambiguous, vague, and uncertain to permit recovery.

Thirteenth Affirmative Defense

Without admitting any facts alleged in the Complaint, the Complaint's claims do not rise to the level of a violation of the Title VII, the New York State Human Rights Law, or the New York City Human Rights Law.

Fourteenth Affirmative Defense

Without admitting any facts alleged in the Complaint, the Complaint does not allege any conduct by Defendants that rises to the level of malicious, willful, outrageous, and/or intentional, and thus punitive damages are not warranted.

Fifteenth Affirmative Defense

Without admitting any facts alleged in the Complaint, the Complaint's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to avoid the harm and/or consequences she allegedly suffered.

Sixteenth Affirmative Defense

Without admitting any facts alleged in the Complaint, Plaintiff is barred from recovering any damages that she could have avoided with reasonable effort by, *inter alia*, utilizing Defendants' internal grievance procedures to report instances of potential discrimination.

Seventeenth Affirmative Defense

Without admitting any facts alleged in the Complaint, the Complaint's claims are barred because Plaintiff did not follow any of the established internal reporting processes to make any alleged discriminatory conduct known. As a result, Defendants would have been limited by lack of actual or constructive knowledge in order to provide the appropriate remedy, if any.

Eighteenth Affirmative Defense

To the extent Plaintiff has suffered any symptoms of mental or emotional harm, those symptoms were not the result of any act or omission by any of the Defendants.

***

Defendants may have additional affirmative defenses that cannot be articulated at this time due to the generality of the Complaint, the lack of information available to Defendants, and/or the fact that discovery has not yet concluded. Accordingly, Defendants reserve their rights to supplement the foregoing and to assert additional defenses as may become apparent.

WHEREFORE, Defendants Planned Parenthood Federation of America, Inc. and Planned Parenthood Action Fund, Inc. demand that the Complaint be dismissed with prejudice, that Defendants be awarded all costs of its defenses, including attorney's fees, and that Defendants be awarded such other relief as this court deems just and equitable.

Dated:    December 20, 2022
          New York, New York

ARENTFOX SCHIFF LLP

*/s/ Brian Farkas*
Brian Farkas, Esq.
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
(212) 492-3297
brian.farkas@afslaw.com

Nancy J. Puleo, Esq. (*pro hac vice* forthcoming)
800 Boylston Street, 32nd Floor
Boston, MA 02199
(617) 973-6124
nancy.puleo@afslaw.com

Alexandra M. Romero, Esq. (*pro hac vice* forthcoming)
1717 K Street NW
Washington, DC 20006
(202) 828-3469
Alexandra.romero@afslaw.com

*Attorneys for Defendants Planned Parenthood Federation
of America, Inc. and Planned Parenthood Action Fund, Inc.*