USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NICOLE MOORE,

          Plaintiff,

-against-

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC. and PLANNED PARENTHOOD ACTION FUND, INC.,

          Defendants.

Case No. 22-cv-08899 (VEC)

**STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

      This matter comes before the Court by stipulation of Plaintiff Nicole Moore ("Plaintiff") and Defendants Planned Parenthood Federation of America, Inc. and Planned Parenthood Action Fund, Inc. ("Defendants") for the entry of a protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any party or prospective party and their respective counsel, or by any non-party, in the course of discovery in this matter. The parties and their respective counsel have stipulated to the terms set forth herein, and good cause having been shown that this Stipulation be entered as an Order of the Court,

      **IT IS HEREBY ORDERED** that:

      1.    For purposes of this Stipulation and Order for Production and Exchange of Confidential Information (the "Stipulation"), any party may designate as "Confidential" any document or information that they believe constitutes, contains, or would disclose non-public:

      a.  Commercial data, including confidential or proprietary research; development, commercial, financial, or business information; trade secrets; company security matters; non-public financial statement information and policies; non-public

   accounting and financial records and policies; and non-public handbooks and policies.

   b. Non-public personal information, including financial information, tax records, and medical information.

2. If any party believes a document not described in the paragraph above should nevertheless be considered "Confidential," such party may make an application to the Court. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

3. An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "Confidential" on each page.

   a. If such information is provided in response to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, and mark such appendices "Confidential."

   b. At the time of a deposition, or within thirty (30) days after receipt of the deposition transcript, a party may designate as "Confidential" specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (1) above or paragraph (2) as applicable. This designation shall be in writing and served by email upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this thirty (30) day period. Any portion of a transcript designated "Confidential" shall thereafter be treated as confidential in accordance with this Stipulation.

4. In the event a party receives information or material from a source other than from a third party that is the same in substance as information or material previously provided by a party and designated as "Confidential," any of the parties may petition the Court to have such information or material likewise designated as "Confidential."

5. In the event of a challenge to the producing party's "Confidential" designation, the parties shall meet and confer in a good faith and attempt to resolve the challenge within seven (7) business days of the objection. If the parties cannot reach an agreement, the challenging party can apply to the Court for a ruling that deposition testimony document, or category of documents designated as "Confidential" is not entitled to such status and protection. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

6. Documents designated "Confidential" shall be shown only to the following persons: (i) the parties to this action, including their employees, counsel, and agents; (ii) the parties' insurers and counsel to their insurers; (iii) the Court, including any Appellate Court, the members of the jury, Court reporters, and all Court personnel; (iv) employees of counsel for the parties, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, vendors, and clerical personnel assisting such counsel in this action; (v) third party deponents to the extent a good faith determination is made that "Confidential" material is relevant to their deposition; (vi) expert witnesses retained in connection with this action; and (vii) any other person agreed to in writing by the parties.

7. Prior to disclosing any "Confidential" material to any person referred to in paragraphs 6(v), (vi) and (vii) above, such person shall be provided by Counsel with a copy of this

Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

8.  "Confidential" material shall be used solely for the purposes of litigating this lawsuit and not for any other purpose or lawsuit.

9.  By agreeing to the procedures set forth in this Stipulation, the parties do not waive any objection they may have to the production of any documents, or admissibility at trial of any document, testimony or other evidence.  In addition, the fact that a party has entered into this Stipulation is not a waiver of any objections such party may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges) or admissibility at trial of any document, testimony, or other evidence.  This Stipulation does not waive any party's right to: (i) apply to the Court for an Order compelling the production of documents; or (ii) to apply to the Court for an additional protective order relating to any discovery in this action.

10.  In the event that Plaintiff or Defendants wishes to file any "Confidential" material with the Court before trial, that party will proceed in accordance with any Court established procedures, or in the absence of such procedures, take steps necessary to ensure that "Confidential" material is filed under seal and maintained by the Court under seal until further order of the Court. To the extent that any "Confidential" material cannot be filed with the Court under seal, the party seeking to file the "Confidential" material shall meet and confer with the other party in good faith regarding appropriate redactions at least seven (7) days, or as early as reasonably practicable. The parties shall cooperatively agree what, if any, parts of the "Confidential" material must be redacted prior to filing.  If the parties cannot agree as to what sections should be redacted as "Confidential," the designating party shall file a motion with the

Court seeking to protect such information as "Confidential" pursuant to this Agreement within three (3) days of the parties' inability to agree as to the appropriate redactions, or as early as reasonably practicable.

11. Should any party to this Stipulation become obligated to produce any "Confidential" material in response to a third party's service of a subpoena or other legal process, said party will notify counsel of record for the party claiming confidentiality via e-mail within five (5) business days of its receipt.

12. Nothing contained in this Stipulation shall restrict or impair a party's ability to use its own designated "Confidential" material.

13. If, in connection with this litigation and despite a producing party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not be deemed a waiver of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, as soon as reasonably practicable, return and/or destroy all copies of the Inadvertently Disclosed Information, and provide written confirmation to counsel that all such information has been returned and/or destroyed, and that no copies of the inadvertently disclosed materials remain in the receiving party's possession.

15. All "Confidential" material produced during discovery and all copies, digests, or summaries made thereof, including copies, digest, or summaries distributed to experts, and those appended to depositions, are to be destroyed or returned to the party claiming confidentiality within thirty (30) days after trial, appeal, settlement or other final resolution of this action. Despite the foregoing, counsel for the Parties may maintain complete copies of their files, including materials designated as Confidential, as required by the licensing Bar in the jurisdiction in which they practice.

16. The terms of this Stipulation shall remain in effect and the undersigned parties shall be bound thereunder unless and until said terms are modified by agreement of all parties to the Stipulation or unless and until the Stipulation is terminated by mutual agreement of the parties.

17. The obligation to maintain the confidentiality of any and all "Confidential" material will survive the termination of the litigation and will continue to be binding upon all persons to whom "Confidential" material is produced or disclosed in connection with this Stipulation. This Court will retain jurisdiction over all such persons to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

Dated: Brooklyn, New York  
       June 7, 2023

By: _____  
Travis Pierre-Louis  
ATTORNEY FOR PLAINTIFF

Dated: New York, New York  
       June 7, 2023

By: _____  
Brian Farkas  
ATTORNEYS FOR DEFENDANTS

It is SO ORDERED this  
__9_ day of _June_, 2023

_____  
Hon. Valerie E. Caproni  
United States District Judge

Notwithstanding paragraphs 5 and 10 above, all discovery disputes and requests to file documents under seal must be raised pursuant to Rules 3(B) and 5 of the Undersigned's Individual Practices.

# EXHIBIT A

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>NICOLE MOORE,<br><br>       Plaintiff,<br><br> -against-<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC. and PLANNED PARENTHOOD ACTION FUND, INC.,<br><br>       Defendants. | Case No. 22-cv-08899 (VEC)<br><br>**NON-DISCLOSURE AGREEMENT** |

   I, _____, acknowledge that I have read and understand the Stipulation and Order for Production and Exchange of Confidential Information (the "Order") relating to the production and exchange of Confidential information in this action. I agree that I will not disclose any Confidential discovery material produced in this litigation to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement, and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

        Print Name: _____

        Signature: _____

Dated:_____